Carrollton A. Roberts, J.
In November of 1964 the County of Niagara offered for sale certain property in the City of Niagara Falls, New York, for the purpose of satisfying unpaid taxes owed by defendant William Young Transportation, Inc. Plaintiff purchased the property at the sale and was issued a certificate of tax sale evidencing an amount owing of $198.25, with interest at 10% per annum from the 17th day of November, 1964. Thereafter, plaintiff commenced this action for the purpose of imposing personal liability on defendant for the alleged tax arrearage. Defendant moves for a judgment dismissing the complaint pursuant to CPLR 3212.
Plaintiff contends that section 926 of the Real Property Tax Law and/or the special Niagara County Tax Act (L. 1904, ch. 744, § 15) gives it the power to seek a personal judgment against the defendant for the alleged tax arrearage. This, however, does not appear to be the case insofar as section 926 of the Real Property Tax Law clearly limits personal liability of a taxpayer for delinquent taxes solely to the collecting governmental authority — subdivision 2 of section 926 specifically refers to the “ collecting officer ” demanding or levying for the delinquency. Also, the special Niagara County Tax Act does not by its express terms appear to provide any personal right of action but rather states that the owner of a tax sale certificate may take a conveyance of the land upon notice or, in the alternative, foreclose his lien on the land, as in the case of a mort *783 gage foreclosure, to recover whatever purchase money and other sums he has expended.
The rights of a purchaser of a tax sale certificate are set forth in section 1006 of the Real Property Tax Law which provides in subdivision £ that: ‘ ‘ Such certificate shall also contain a statement to the effect that if lands described thereon are not redeemed, the purchaser may complete the purchase and take a conveyance of the lands as provided in title one of article ten of this chapter or, at his option, foreclose his lien pursuant to title two of article eleven thereof.” Both alternatives set forth in section 1006 appear to be in rem and analogous to procedures in civil law for the foreclosure of a mortgage in default or, in the alternative, the acceptance of a deed in lieu of foreclosure. There simply does not appear to be any personal right of action reserved in section 1006.
Plaintiff also argues that by purchasing the tax sale certificate, it, in effect, stands in the shoes of the governmental authority with the result that any power to impose personal liability, reserved to the governmental authority, inures also to its (the purchaser’s) benefit. The cases and authorities, however, do not appear to sanction this interpretation. The purchase and sale of a tax certificate extinguishes whatever personal liability for the tax indebtedness the taxpayer may have owed the governmental authority. (See 58 N. Y. Jur., Taxation, § 267, p. 285; Matter of Ueck, 286 N. Y. 1, 17-18; Matter of Wood, 187 Misc. 972; Matter of Martin, 187 Misc. 980.) Since personal liability to the governmental authority on the part of the taxpayer is extinguished by the sale of the tax certificate, there can be no argument that the purchaser of the tax sale certificate, even if he stands in the shoes of the governmental authority (which he does not), has any greater right than does the governmental authority to impose personal liability.
There is a five-year Statute of Limitations imposed upon the purchaser of a tax certificate in exercising whatever rights that certificate permits him against the subject property. We can only conjecture at the reasons behind plaintiff’s application on this motion, but it does appear evident that plaintiff, now in the fifth year of ownership of the subject tax sale certificate, may have elected this course after becoming aware of the fact that the subject property could not yield a worthwhile return on a foreclosure or deed transfer of title by reason of the necessity of first paying other substantial charges against it. This may be regrettable from plaintiff’s point of view but it nonetheless is not a valid reason for expanding the rights of owners of tax *784 sale certificates in the same situation. The purchase of these certificates is always, to a certain extent, speculative insofar as numerous charges against the property may prevent the realization not only of any return above the purchase price but also the price itself. Plaintiff, no doubt, was well aware of this fact when the purchase was made.
Accordingly, defendant’s motion is granted and the complaint dismissed without costs to either party.